B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>DAWN ELLEN SHRUM | DEFENDANTS<br>SELECT PORTFOLIO SERVICING, LLC, and BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK (see attached for addresses) |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>STEVEN L. LEFKOVITZ, NO. 5953<br>618 CHURCH STREET, SUITE 410<br>NASHVILLE, TN 37219  (615) 256-8300 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>xx Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>xx Creditor   ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT SEEKING DAMAGES IN A CORE ADVERSARY PROCEEDING

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[2] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>DAWN ELLEN SHRUM | BANKRUPTCY CASE NO.<br>314-07965 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE | DIVISION OFFICE<br>NASHVILLE | NAME OF JUDGE<br>HARRISON | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/S/ STEVEN L. LEFKOVITZ | | | |
| DATE<br>10/31/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>STEVEN L. LEFKOVITZ, NO. 5953<br>ATTORNEY FOR PLAINTIFF | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## ADDRESSES FOR DEFENDANT, SELECT PORTFOLIO SERVICING, LLC:

SELECT PORTFOLIO SERVICING, LLC
3815 S. West Temple
Salt Lake City, UT 84115-4412

SELECT PORTFOLIO SERVICING, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

SELECT PORTFOLIO SERVICING, LLC
c/o Michael G. Clifford, Esq.
Michael N. Wennerlund, Esq.
Wilson & Associates, P.L.L.C.
Creekside Crossing III
8 Cadillac Drive, Suite 120
Brentwood, TN 37027


## ADDRESSES FOR DEFENDANT, BANK OF NEW YORK MELLON:

BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK
As Trustee on Behalf of the Alternative
Loan Trust 2006-OC10, Mortgage Pass
Through Certificate Series 2006-OC10
Attention: President or Officer
One Wall Street
New York, NY 10286

BANK OF NEW YORK MELLON
f/k/a THE BANK OF NEW YORK
As Trustee on Behalf of the Alternative
Loan Trust 2006-OC10, Mortgage Pass
Through Certificate Series 2006-OC10
c/o Michael G. Clifford, Esq.
Michael N. Wennerlund, Esq.
Wilson & Associates, P.L.L.C.
Creekside Crossing III
8 Cadillac Drive, Suite 120
Brentwood, TN 37027

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In Re:<br><br>DAWN ELLEN SHRUM<br>400 WHISTLER COVER<br>FRANKLIN, TN 37067<br>SSN XXX-XX-7666<br><br>    Debtor.<br><br><br>DAWN ELLEN SHRUM<br><br>    Plaintiff.<br><br>vs.<br><br>Select Portfolio Servicing, Inc. and<br>BANK OF NEW YORKMELLON f/k/a<br>THE BANK OF NEW YORK, as trustee<br>on Behalf of the Alternative Loan Trust<br>2006-OC10, Mortgage Pass Through<br>Certificate Series 2006-OC10<br><br>    Defendants. | Case No. 314-07965<br><br>Chapter 11<br><br>Judge Marian F. Harrison<br><br><br><br><br><br>Adv. Pro. No. |

## COMPLAINT SEEKING DAMAGES IN A CORE ADVERSARY PROCEEDING

I. Introduction

1. This is an action for actual and punitive damages filed by the Plaintiff pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X and pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016 and 9011 of the Bankruptcy Rules, and the Truth in Lending Act.

II. Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

3.  This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4.  This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5.  This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code and has jurisdiction to hear the claims for relief under the Truth in Lending Act pursuant to 15 U.S.C.A. § 1641.

6.  This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event all or some claims in this case are determined to be non-core proceedings then, and in that event, the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7.  Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

III.  Parties

8.  The Plaintiff in this case is a Debtor under Chapter 11 of Title 11 in the above-captioned case.

9.  The Defendant, Bank Of New York Mellon F/K/A The Bank Of New York, As Trustee ) On Behalf Of The Alternative Loan Trust 2006-OC10, Mortgage Pass Through Certificate Series 2006-OC10 (Mellon) is the alleged owner of the Plaintiff's note.

10.  Bank of America, N.A. is an FDIC insured company that does business in the state of Tennessee. Bank of America N.A. is not named as a Defendant in this case, but the Plaintiff discovered that it was involved in the transfer of the note and deed of trust involved in this case to Mellon. The Plaintiff reserves the right to amend this complaint to include Bank of America N.A. as a party defendant should the facts warrant it.

11.  The Defendant, Select Portfolio Servicing, Inc. (SPS) is a business that conducts mortgage servicing and that does business in the state of Tennessee.

IV.  Factual Allegations

12.  Commencing in 2009 while Countywide Home Loans was the putative servicer of the Plaintiff's mortgage on the Plaintiff's real property located at 400 Whistler Cove, Franklin, TN 37067 (property), the Plaintiff inquired about entering into an agreement for refinancing her mortgage loan. The Defendant instructed Plaintiff to instead apply for a loan modification. Plaintiff thereafter commenced the loan modification application process.

13. Countrywide Home Loans then ceased operations and the loan was transferred to Bank of America, N.A. Once again, the Plaintiff was given multiple names to contact and once again went through the loan modification application process. Ironically, the Plaintiff went through this process on multiple occasions and fully complied with each and every request made of the creditor, only to learn that paperwork has been misplaced or lost.

14. The Plaintiff received a letter from Defendant dated July 5, 2012 which states that Plaintiff has been approved for a loan modification subject to the completion of a Trial Period Plan. Once again, the Plaintiff fully complied with all of the requests made in the letter received for the loan modification.

15. The Plaintiff fully complied with the terms of the letter approving the loan modification and continued to routine send in requested documents. As the Plaintiff and Bank of America, NA were working towards finally completing the loan modification, Plaintiff received notification that Defendant SPS was now the servicer of Plaintiff's loan on the property.

16. Despite Plaintiff's compliance with the provisional terms reflected in the correspondence with Bank of America, NA, Defendant SPS continued to send statements to the Plaintiff claiming that the payment amount was insufficient.

17. The Plaintiff again contacted Defendant SPS after having completed the provisional documents successfully. Plaintiff told Defendant SPS that the only remaining requirement was to return signed documents to Bank of America. However, Defendant would never provide the needed documents to the Plaintiff.

18. Plaintiff received foreclosure notices from Defendant SPS which precipitated two prior Chapter 11 and or 7 filings.

19. The Chapter 11 case of the Plaintiff herein was commenced by the filing of a voluntary petition with the Clerk of this Court on October 6, 2014 and the Defendant SPS was properly notified of the filing in accordance with bankruptcy notification procedures. Prior to the commencement of this case, the Plaintiff requested postponement of the foreclosure to once again work through the loan modification agreement. Defendant SPS through its agent and counsel refused to even negotiate any possibility with the Plaintiff.

20. The 341(a) meeting of creditors in this case is scheduled in this case for November 7, 2014. While a request for a bar date for the filing of proof of claims has been filed, Defendant SPS has not yet filed a claim in this proceeding. However, attached hereto, marked Exhibit 1 and incorporated herein by reference, is the proof of claim filed by Defendant SPS on behalf of Defendant Mellon in bankruptcy 313-08000 filed by the Plaintiff in the United States Bankruptcy Court for the Middle District of Tennessee.

21. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiff included a debt to Defendant SPS Bank of America secured by a deed of trust on the residential real estate belonging to the Plaintiff, i.e. the property.

22. The Plaintiff alleges that the Defendant received notice of the 341(a) meeting from documents mailed by the Clerk of this Court since Defendant SPS has tendered a notice of appearance in this case, which is attached hereto and marked Exhibit 2.

23. The Defendant SPS filed a claim in the prior bankruptcy for continuing mortgage payments and arrearage on February 11, 2014, and attached the deed and note to the claim form, attached as Exhibit 1.

V. First Claim for Relief- Objection to Claim

24. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

25. The Plaintiff objects to the Defendant's SPS claim, if said claim filed in case number 313-08000 is substantially the same as the claim which will be filed in this case. First, the Plaintiff objects to the Defendant's standing. The Defendant filed a proof of claim and provided a copy of a note in favor of AmSouth, a national Banking Corporation. The claim is devoid of any endorsement transferring the claim to Countrywide, Bank of America SPS, or Mellon.

26. In addition, there is a recorded assignment of the Plaintiff's deed of trust dated February 6, 2012 that transfers "all beneficial interest under the deed of trust together with the note and obligations and the money due and to become due" to Mellon signed by Mortgage Electronic Registration Systems, Inc. (MERS), but the claim is incomplete became the holder of said note.

27. The Plaintiff alleges that either of the named Defendants do not have possession of her original endorsed mortgage note there is a dispute when there are several different copies of her note with differing endorsements and assignments from entities that do not appear to have authority.

28. The Plaintiff also objects to the Defendants' accounting. The proof of claim indicates that the total claim is $1,112,524.53 as of February 11, 2014, but does not indicate how that number or the arrearage claim was derived. As such, there are also discrepancies between the fees/charges between to various provided documents.

29. If the Defendants' claim is disallowed, then pursuant to 11 U.S.C. § 506(d) the lien would be void. The legal effect of the lien being void is that the lien is completely unenforceable and should properly be released of record by the Defendant. Failure by the Defendant to release the void lien constitutes a continuing violation of the automatic stay of 11 U.S.C. 362 in that it asserts control over property of the Bankruptcy Estate and creates a cloud on the title to that property to the detriment of the Plaintiff, the Chapter 11 proceedings, and unsecured creditors of the Bankruptcy Estate.

VI. Second Claim for Relief- Remove Cloud From Title

30. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

31. Based upon the foregoing allegations, the Plaintiff alleges that the Deed of Trust recorded at in the Williamson county Register of Deeds secures nothing for the alleged holder and, is therefore, a cloud on the title, the property as described in Exhibit A to the Deed of Trust, Exhibit 1.

32. Plaintiff requests an order from this Court that may be recorded in the land records of Williamson County, Tennessee thereby causing the lien to be treated as released.

VII. Third Claim for Relief- Truth in Lending Act

33. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

34. The Defendant has violated TILA and as a result is liable to the Plaintiff for statutory damages, actual damages and attorney fees. The fact that the Defendant failed to provide the requested TILA information clearly establishes a pattern and practice.

IX. Fourth Claim for Relief -Real Estate Settlement and Procedures Act

35. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

36. The Defendant is the servicer of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code. The Defendants have failed to respond to the request for a loan modification or accept the proposed modification within 60 days of receipt of the request nor provide the information requested and inform the Plaintiff of its actions as required by Section 2605(e)(1)(B)(2) of Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X. The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code thus rendering the Defendant liable for an award to the Plaintiff of statutory damages and attorney fees.

37. The Plaintiff has suffered actual damages from the Defendant's failure to adequately respond the loan modification. In addition to the costs and attorney's fees, following the limited responses provided from the Defendant, the Plaintiff's time in reviewing the response and the actual aforementioned monetary amounts being charged against her account for the Defendants failure to correct or accept the proposals tendered by the Plaintiff.

38. The Plaintiff has also suffered actual damages from emotion distress. She has lost sleep, and experienced a tremendous amount of stress resulting from the Defendant's actions and specifically from the failure to accept the loan modification.

39. As a result of the Defendant's RESPA violations, the Plaintiff is entitled to actual damages, statutory damages and attorney fees.

X. Fifth Claim for Relief- Breach of Contract/105

40. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

41. The Plaintiff's Deed of Trust specifically lists the Defendant's duties related to the application of payments. The lender shall apply payments in the following priority: (a) interest due under the note; (b) principal due under the note; and (c) amounts due under the note Such payments shall be applied to each periodic payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under the security instrument, and then to principal balance of the note. By not providing an accurate accounting in the proof of claim, the Defendant is breaching The limited accounting provided by the Defendant clearly shows that the Defendant is breaching the contract with the Plaintiff.

42. Defendants agreed that the Plaintiff would be provided a loan modification, which provided for a modified payment amount. Plaintiff complied with this payment schedule and was misled in to believing that compliance would result in the loan being permanently modified. Instead, the Defendant continued to send letters stating that the payment were behind, and the Defendant began foreclosure proceedings. The Plaintiff relied on the Defendant's representation regarding the modification to her detriment which ultimately led to the filing of the Chapter 11 case to stop the foreclosure. The Defendant is liable to the Plaintiff for actual damages and attorney's fees for its breach of contract.

43. 11 U.S.C. §105 provides the Court may issue any order, process, or judgement that is necessary or appropriate to carry out the provisions of this title. The Court may take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

WHEREFORE, the Plaintiff having set forth the claims for relief against the Defendant respectfully pray of the Court as follows:

A. For an order sustaining the Plaintiff's objection and declaring the Deed of Trust and Lien void based on the Plaintiff's first claim for relief, the factual allegations and 11 U.S.C. § 105, 502 and 506.

B. For an order declaring the Deed of Trust to be a cloud on the Plaintiff's title and, therefore declaring the Deed of Trust to be released based on the Plaintiff's second claim for relief, the factual allegations and 11 U.S.C. § 105, 502 and 506.

C. That the Plaintiff recover from the Defendant actual and statutory damages and attorney's fees based on the Plaintiff's fourth claim for relief under the provisions of TILA, , the factual allegations and 15 U.S.C.A. §1641(f)(2).

D. That the Plaintiff recovers from the Defendant actual and statutory damages and attorney's fees based on the Plaintiff's fifth claim for relief under the provisions of RESPA, the factual allegations and 12 U.S.C. §2605 and Regulation X.

E. That the Plaintiff recovers against the Defendant all reasonable legal fees and expenses incurred by the Plaintiff's attorney.

F. That the Defendant be forever enjoined from doing any act to collect or to receive payment from the Plaintiff.

G. That the Plaintiff recover the appropriate relief based on the Plaintiff's fifth claim for relief. The Defendant is in breach of the Plaintiff's contract. Plaintiff is entitled to recover from the Defendant based on 11 U.S.C. §105, any relief as the Court may deem necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

H. That the Plaintiff recovers any further relief as the Court may deem just and proper.

Respectfully submitted,

LEFKOVITZ & LEFKOVITZ

/S/ STEVEN L. LEFKOVITZ
Steven L. Lefkovitz, No. 5953
Attorney for Debtor/Plaintiff
618 Church Street, Suite 410
Nashville, Tennessee 37219
Phone: (615) 256-8300
Fax: (615) 255-4516
Email: slefkovitz@lefkovitz.com

### CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and exact copy of the foregoing to Beth Roberts Derrick, Assistant United States Trustee, and all other parties of record to receive notice electronically via the U.S. Bankruptcy Court's CM/ECF filing system, this 31stday of October, 2014.

/S/ STEVEN L. LEFKOVITZ
Steven L. Lefkovitz